**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **LAWRENCE JORDAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:16-cv-02152-MHC** |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER  AND DEFENSES

In answer to the Complaint of Plaintiff, Lawrence Jordan ("Plaintiff"), Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") hereby asserts the following defenses and answers the various allegations in the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint and to each cause of action contained therein, Wells Fargo alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Wells Fargo.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part as a result of his failure to mitigate alleged damages, if any. Further, to the extent Plaintiff seeks recovery for actual damages, such damages, if any, should be reduced in proportion to Plaintiff's failure to mitigate.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands/Laches)

Plaintiff did not notify Wells Fargo of the phone calls alleged in the Complaint within a reasonable time. For this, and additional reasons, each of the purported causes of action set forth in the Complaint is barred by the equitable doctrines of laches and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Any and all activities of Wells Fargo alleged in the Complaint were conducted with consent, express and implied, of Plaintiff, the owner/subscriber or the regular user of the subject phone and/or other parties, persons, and entities, and Wells Fargo is therefore free from actionable fault.

2

## FIFTH AFFIRMATIVE DEFENSE

### (No Use of ATDS)

Wells Fargo did not use a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an automatic telephone dialing system in violation of the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

Wells Fargo's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between Wells Fargo and Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims against Wells Fargo are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff did not notify Wells Fargo of the phone calls alleged in the Complaint within a reasonable time. For this, and additional reasons, Plaintiff, by reason of inaction and/or ratification, are estopped from recovery herein (including res judicata, collateral estoppel, and judicial estoppel).

3

## NINTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

Wells Fargo's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (No Liability for Conduct of Agents)

The alleged actions of third parties herein were not authorized or ratified by Wells Fargo.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The award of statutory penalties under the TCPA against Wells Fargo would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (*quoting St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). Again, here the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty is plainly excessive in this context and—

taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process)

The imposition of statutory damages under the TCPA and/or punitive damages against Wells Fargo would violate the Due Process provision of the United States Constitution.  Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law."  E.g., *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 US 559, 562 (1996).  The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimis* or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality as to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Maintenance of Reasonable Policies and Procedures)

Under the TCPA, if there were a violation by Wells Fargo, which Wells Fargo denies, it was unintentional and resulted despite maintenance of reasonable

policies and procedures adopted to avoid any such violation and, therefore, was not willful or knowing.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Recovery for any injury or damage to Plaintiff is barred by the applicable statute of limitations, including, but not limited to, 28 U.S.C. § 1658.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's Complaint and each claim for relief therein is barred because Wells Fargo acted in good faith and Wells Fargo's conduct is and was privileged or justified, and Wells Fargo acted without malice. Thus, to the extent there was any violation of the TCPA, which Wells Fargo denies, such violation(s) were not knowing and willful.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

Wells Fargo's good-faith reliance on its objectively reasonable interpretation of the TCPA precludes a finding of willfulness. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Notification Requirements)

Plaintiff's claims for damages are barred by Plaintiff's failure to give the notices required by 15 USC §1692c(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

Plaintiff's claims are subject to set-off of all sums due and owing to Wells Fargo, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

Wells Fargo is informed and believes that Plaintiff has not sustained any actual damages as a result of the calls at issue in this action.  To the extent there was any violation of the TCPA, which Wells Fargo denies, Wells Fargo shall be liable for no more than a $500.00 penalty pursuant to 47 U.S.C. § 227(b)(3)(B).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Privilege)

Wells Fargo's lawful interest in contacting its customers — either for debt collection, informational purposes, or other account servicing activity — is necessary, and Wells Fargo reasonably believes such calls are necessary, to protect

Wells Fargo's pecuniary interest in chattel and accounts, and its customers' interests. Further the conduct at issue is *malum prohibitum* and not *malum in se*. Moreover, the harm inflicted to Plaintiffs in receiving the misplaced calls is not unreasonable as compared with the harm threatened to Wells Fargo's interests and chattel if it is barred from placing such calls. Hence, Wells Fargo's conduct is privileged and inactionable, and Plaintiff cannot show conduct that would result in the award of punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Calls Made)

Plaintiff has failed to state a claim under the TCPA because Wells Fargo denies that any call attempted is actually a call made pursuant to the language of the TCPA, 47 U.S.C. § 227(b)(1)(A).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defenses)

Wells Fargo presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

## JURISDICTION

1.      Answering Paragraph 1 of the Complaint, Wells Fargo admits that Plaintiff purports to state a claim for violation of the Telephone Consumer Protection Act, 14 U.S.C. § 227, et seq. ("TCPA"), but denies he has done so. Further, Wells Fargo states that the allegations in Paragraph 1 contain legal conclusions that do not require a response. The TCPA is a federal statute that speaks for itself.   To the extent that Paragraph 1 contains factual allegations, Wells Fargo denies each and every allegation of this paragraph.

2.      Answering Paragraph 2 of the Complaint, Wells Fargo admits that it conducts business in this District.  Except as expressly averred herein, Wells Fargo denies each and every allegation of this paragraph.

## PARTIES

3.      Answering Paragraph of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

4.      Answering Paragraph 4 of the Complaint, Wells Fargo avers that it is a national banking association with its main office in Sioux Falls, South Dakota. Further, Wells Fargo states that the allegations in Paragraph 4 contain legal

9

conclusions that do not require a response. Except as expressly averred herein, Wells Fargo denies each and every allegation of this paragraph.

## <u>FACTS</u>

5.      Answering Paragraph 5 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

6.      Answering Paragraph 6 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

7.      Answering Paragraph 7 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

8.      Answering Paragraph 8 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

9.      Answering Paragraph 9 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

10.     Answering Paragraph 10 of the Complaint, Wells Fargo denies each and every allegation of this paragraph.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

11.     Answering Paragraph 11 of the Complaint, Wells Fargo incorporates by reference its responses to paragraphs 1 through 10 as though fully set forth herein.

12.     Answering Paragraph 12 of the Complaint, Wells Fargo denies each and every allegation of this paragraph.

13.     Answering Paragraph 13 of the Complaint, Wells Fargo denies each and every allegation of this paragraph.

14.     Answering Paragraph 14 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

15.     Answering Paragraph 15 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

Case 1:16-cv-02152-MHC   Document 7   Filed 08/26/16   Page 12 of 14

16.     Answering Paragraph 16 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

17.     Answering Paragraph 17 of the Complaint, Wells Fargo denies each and every allegation of this paragraph.

18.     Answering Paragraph 18 of the Complaint, Wells Fargo denies each and every allegation of this paragraph.

19.     Answering Paragraph 19 of the Complaint, Wells Fargo denies each and every allegation of this paragraph.

Answering the WHEREFORE Paragraph of the Complaint, Wells Fargo denies that Plaintiff is entitled to any of the requested relief.

*     *     *

Wells Fargo denies any and all allegations in the Complaint that Wells Fargo has not expressly admitted in its Answer and Defenses.

*     *     *

WHEREFORE, Wells Fargo requests that the Court dismiss this matter with prejudice, award Plaintiff no relief, and award Wells Fargo its litigation costs and all other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Wells Fargo also respectfully requests a trial by jury on all issues so triable.


Respectfully submitted this 26th day of August, 2016.

**PARKER, HUDSON, RAINER & DOBBS LLP**

 */s/ Erin M. Moore*
Nancy H. Baughan
Georgia Bar No. 042575
Erin M. Moore
Georgia Bar No. 590819

303 Peachtree Street, NE
Suite 3600
Atlanta, Georgia  30308
Telephone:  404-523-5300
Facsimile:  404-522-8409
E-mail: nbaughan@phrd.com
E-mail: emoore@phrd.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed a copy of the within and foregoing

**DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER  AND DEFENSES**

with the Clerk of Court using the CM/ECF system, which automatically sent e-

mail notification of such filing to the following attorney of record, who is a

registered participant in the Court's electronic notice and filing system:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, Connecticut 06897
slemberg@lemberglaw.com

This 26th day of August, 2016.

*/s/ Erin M. Moore*
Erin M. Moore