# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LAWRENCE JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) 1:16-cv-02152-MHC |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## WELLS FARGO BANK, N.A.'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Local Rule 26.1(B), and the Court's Order dated September 27, 2016, Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant"), hereby makes the following initial disclosures.

Defendant has not completed its initial investigation into this matter and discovery has not been completed. The following disclosures are based upon the information reasonably available to Defendant based on its current understanding of Plaintiff's claims.

Defendant reserves the right to supplement or modify these disclosures and to use any additional information, witnesses or evidence at any time, up to and

including Trial, as Plaintiff elaborates on his allegations or identifies witnesses, new information is discovered, or new defenses or theories are developed.  These disclosures are also made subject to, and without waiving:  (1) any claim of any applicable privilege including, but not limited to, the attorney-client privilege and the attorney work-product doctrine; (2) the right to object on any ground to any subsequent discovery request or other proceeding involving or relating to the subject matter of these disclosures; and (3) the right to object on any other applicable ground(s) to the admissibility of any item disclosed.

**(1)  If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:**

**Response:**  Not applicable.

**(2)   Provide the names of any parties whom defendant contends are necessary parties to the action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**Response:**  None at this time.  Wells Fargo reserves the right to supplement and amend this disclosure as additional facts and documents come to light in the course of discovery and preparation for trial.

**(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**Response:**  This action arises out of alleged phone calls to Plaintiff's cell phone number, (678) XXX-2460.  Plaintiff contends that these calls were made starting in August 2015, but does not allege any specific call dates.  Plaintiff contends that he is not a Wells Fargo customer.

Wells Fargo is currently unable to locate calls made to the identified cell phone number.  Wells Fargo implements any number of policies and procedures to prevent dialer calls in the absence of consent and for updating accounts upon receipt of notice that an account holder's previously provided phone number has changed hands.

Wells Fargo has asserted several affirmative defenses to Plaintiff's claims.  Wells Fargo reserves the right to supplement this disclosure with additional supporting facts as they are discovered during the course of this litigation.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Response:

Plaintiff is alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Thus, the provisions of the TCPA, all regulations relating to the TCPA, FCC Rulings and Orders clarifying or applying the TCPA and related regulations, and any case law arising out of, interpreting, or otherwise addressing the TCPA are applicable to this action.

Wells Fargo has pled other legal principles applicable to this action in its Affirmative Defenses.  (*See* Doc. No. 7.)

Wells Fargo reserves the right to supplement this response in the event that additional legal defenses become apparent during the course of this litigation.

**5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

Response: *See* Attachment A.

**(6)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**Response:** At this early stage of the litigation, Wells Fargo has not yet identified or retained an expert witness who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and therefore does not include an Attachment B.  Wells Fargo reserves the right to designate experts as provided for in the Federal Rules of Civil Procedure.  If Wells Fargo identifies or retains such an expert witness in the future, it will supplement this disclosure.

**(7)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**Response:** *See* Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**Response:** Not applicable. Wells Fargo has not claimed any damages in this action to date, but reserves the right to do so and will supplement and amend this disclosure as necessary, as additional facts and documents come to light in the course of discovery and preparation for trial.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**Response:** Potentially, Wells Fargo's customer for the underlying account. Wells Fargo reserves the right to supplement and amend this disclosure as

additional facts and documents come to light in the course of discovery and preparation for trial.

**(10)  Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>**Response:**</u> Not applicable.  Defendant is not aware of any insurance policy or reimbursement or indemnity agreement that in all reasonable possibility would be called upon to respond in whole or in part to the claims in this suit. Wells Fargo reserves the right to supplement and amend this disclosure as additional facts and documents come to light in the course of discovery and preparation for trial.

[Signatures on the following page]

Respectfully submitted this 10th day of October, 2016.

**PARKER, HUDSON, RAINER & DOBBS LLP**

 */s/ Erin M. Moore*
Nancy H. Baughan
Georgia Bar No. 042575
Erin M. Moore
Georgia Bar No. 590819

303 Peachtree Street, NE
Suite 3600
Atlanta, Georgia  30308
Telephone:  404-523-5300
Facsimile:  404-522-8409
E-mail: nbaughan@phrd.com
E-mail: emoore@phrd.com

**SEVERSON & WERSON**

 */s/ Genevieve R. Walser-Jolly*
Genevieve R. Walser-Jolly (*admitted pro hac vice*)
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: 949-442-7110
Facsimile: 949-442-7118
E-mail: grw@severson.com


*Counsel for Defendant Wells Fargo Bank, N.A.*

## ATTACHMENT A

1. <u>Individuals Likely to Have Discoverable Information Regarding the Accounts of Non-Party Account Holders and any Collection Activity on Said Accounts.</u>  *Subjects of Information.*  Information regarding the accounts for which Plaintiff was allegedly called and the circumstances surrounding any calls placed to Plaintiff, including the fact that Wells Fargo had consent to call the "called party"—its customer—and the purpose of such calls. All communications intended for Wells Fargo's Person Most Knowledgeable under this category should be directed to Wells Fargo's counsel of record.

2. <u>Individuals Likely to Have Discoverable Information Regarding the Accounts of Plaintiff and any Collection Activity on Said Accounts.</u>  *Subjects of Information.*  Information regarding the accounts for which Plaintiff was allegedly called and the circumstances surrounding any calls placed to Plaintiff, including the fact that Wells Fargo had consent to call the "called party"—its customer—and the purpose of such calls. All communications intended for Wells Fargo's Person Most Knowledgeable under this category should be directed to Wells Fargo's counsel of record.

3. <u>Individuals Likely to Have Discoverable Information Regarding Wells Fargo's Policies and Procedures in Implementing Collection Activities in Compliance</u>

with the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *Subjects of Information.* Wells Fargo is identified to have information pertaining to Wells Fargo's policies and procedures respecting the use of its telephone systems and equipment and its efforts to comply with the TCPA, including its efforts to track consent and discern cell phone numbers, how consent is obtained, the checks and scrubs that are in place to assure that any autodialer calls are made only to customers that have provided consent, and how, in the event a customer has revoked his/her "prior consent" to be called, Wells Fargo's agents process such a request. All communications intended for Wells Fargo's Person Most Knowledgeable under this category should be directed to Wells Fargo's counsel of record.

4. Individuals Likely to Have Discoverable Information Regarding Wells Fargo's Systems and Equipment for contacting customers. *Subjects of Information.* Information regarding the system and equipment limitations and capacity of Wells Fargo's technology for contacting customers, including the fact that the systems do not and (cannot) randomly or sequentially generate numbers. All communications intended for Wells Fargo's Person Most Knowledgeable under this category should be directed to Wells Fargo's counsel of record.

5. Plaintiff Lawrence Jordan. *Subjects of Information.* The fact that: (1) Wells Fargo did not call Plaintiff; (2) Plaintiff is or is not an accountholder; (3) Wells

Fargo had express consent to call the cell phone number at issue; (4) when Plaintiff obtained the cell phone number at issue; (5) the purpose for which Plaintiff obtained the cell phone number at issue; (6) whether Plaintiff is the subscriber and/or regular user of the cell phone number; and (7) he has not suffered any damages a result of Wells Fargo's alleged wrongful collection activity.

5. <u>Wife of Plaintiff Lawrence Jordan</u>. *Subjects of Information*. The fact that: (1) Wells Fargo did not call Plaintiff; (2) Wife of Plaintiff is or is not an accountholder; (3) Wells Fargo had express consent to call the cell phone number at issue; (4) when Plaintiff obtained the cell phone number at issue; (5) the purpose for which Plaintiff obtained the cell phone number at issue; (6) whether Plaintiff and/or Plaintiff's wife is the subscriber and/or regular user of the cell phone number; and (7) he has not suffered any damages a result of Wells Fargo's alleged wrongful collection activity.

Defendant is continuing its ongoing investigation of this matter, and reserves the right to supplement or amend these disclosures upon the discovery of new information or upon the introduction of new issues in the case. As such, Defendant reserves the right to identify other individuals likely to have discoverable information that Defendant may use to support its claims or defenses.

## ATTACHMENT C

Pursuant to Rule 26(a)(1)(A)(ii) and (e) of the Federal Rules of Civil Procedure, Defendant provides the following description by category and location of all documents, electronically-stored information, and tangible things within its possession, custody, or control that Defendant may use to support its claims or defenses, unless solely for impeachment.  The exact location of all documents is still being determined as records are compiled by Defendant to respond to Plaintiff's suit. By disclosing the following categories and locations of documents, Defendant does not waive any objections that it has to producing these documents.

1. Records of the accounts of Wells Fargo's customer it was attempting to reach when it dialed Plaintiff (assuming such calls were made), specifically the application submitted by this customer demonstrating that he/she provided the cell phone number Wells Fargo called;

2. Account notes, and other customer profile information for Wells Fargo's customer which Wells Fargo was attempting to reach when it dialed the phone number at issue which demonstrates the "called party" agreed and consented to receive the autodialed calls;

3. Other logs, notes and records reflecting the various means by which Wells Fargo's customer (the "called party") provided his/her cell phone

1

number/consent to Wells Fargo;

    4.    Wells Fargo's policies pertaining to contacting cell phones via its systems and equipment and documents reflecting the scrubs and screens in place to assure that cell phones are contacted only when consent from a customer has been received and related training materials and scripts.

Defendant is continuing its ongoing investigation of this matter, and reserves the right to supplement or amend these disclosures upon the discovery of new information or upon the introduction of new issues in the case. As such, Defendant reserves the right to identify other documents, electronically stored information, and tangible things within its possession, custody or control that Defendant may use to support claims or defenses.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a copy of the within and foregoing **WELLS FARGO BANK, N.A.'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which automatically sent e-mail notification of such filing to the following attorney of record, who is a registered participant in the Court's electronic notice and filing system:

>Sergei Lemberg, Esq.
>Lemberg Law, LLC
>43 Danbury Road
>Wilton, Connecticut 06897
>slemberg@lemberglaw.com

This 10th day of October, 2016.

>*/s/ Erin M. Moore*
>Erin M. Moore

4607726_1