UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAWRENCE JORDON,

    Plaintiff,

vs.                              Civil Action No. 1:16-cv-02152-MHC

WELLS FARGO BANK, N.A.,

    Defendant.

**STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff LAWRENCE JORDON ("Plaintiff") and Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") (collectively the "parties"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential information, confidential research, development, technology or other proprietary information belonging to Wells Fargo.

WHEREAS, the parties have agreed that a Stipulated Confidentiality Agreement ("Agreement") is necessary in this case to prevent the unnecessary disclosure, use or dissemination of such confidential information and the parties agree that consent to the terms of this Agreement is a condition precedent for the review of any documents produced pursuant to this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the parties stipulate and agree as follows:

1. This Agreement shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Agreement in accordance with the terms hereof.

2. **Designation of Information as Confidential.** Any party or non-party producing documents or other materials in this action may designate such materials and the information contained therein subject to this Agreement by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. **Persons to Whom Confidential Information May be Disclosed.** Any document, transcript or pleading given confidential treatment under this Agreement, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or

otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Agreement and may not be disclosed to any person other than:

    a)    the parties, including employees of the parties, to the extent reasonably necessary for the prosecution or defense of claims or defenses in this lawsuit;

    b)    counsel representing the parties and their support personnel whose functions require access to such confidential information;

    c)    the Court and their respective staff and personnel, if the procedures set forth in paragraph 4 are followed;

    d)    non-party fact witnesses at, or in preparation for, deposition or trial, provided that such person executes the Acknowledgement and Agreement ("Acknowledgement") attached hereto as Exhibit A.

    e)    experts and consultants retained or used by any party for the preparation, prosecution, or defense of this case, provided that such expert or consultant execute the Acknowledgement attached hereto as Exhibit A;

    f)    any court reporter, interpreter, or videographer necessarily present at a deposition or hearing; and

g) any other person who is so designated by order of any court before which this Lawsuit is pending, or by agreement of the producing party, provided that such person executes the Acknowledgement attached hereto as Exhibit A.

4. **Procedure for Filing of Documents Marked Confidential.** To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Agreement, the party filing such papers shall redact such materials, or portions thereof, and designate them as "Confidential"; that is, only a filing having the confidential information deleted therefrom may be made part of the public record. No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need. *Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia.*

5. **Precautions Against Unauthorized Use and Disclosure.** All persons receiving any or all documents produced pursuant to this Agreement shall

be advised of their confidential nature. All documents, transcripts, or other materials subject to this Agreement, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Agreement. All persons to whom confidential information is disclosed or made available shall take reasonable precautions to prevent the disclosure or use of such confidential information other than as authorized by this Agreement. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 3 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

6. **Destruction of Confidential Information.** With the exception of deposition transcripts, all confidential information disclosed during the course of the Lawsuit and all copies, summaries, sketches, data, compilations, extracts and/or reproductions thereof shall be destroyed within thirty (30) days after final disposition of the Lawsuit, including the conclusion of any and all appeals,

together with a letter from counsel certifying that all such materials, copies, summaries, sketches, data, compilations, extracts and/or reproductions thereof have been returned to counsel for the producing party or destroyed.

7. **Inadvertent Disclosure of Privileged Information.** If a party inadvertently discloses a document or information that it believes to be protected, in whole or in part, by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection available under the law and informs the receiving party thereof about the inadvertent disclosure, the receiving party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return the information immediately to the producing party. Inadvertent production of a privileged document, information, or an attorney's work product does not constitute a waiver of such privilege or work product status. If one party inadvertently fails to mark documents as Confidential, that party can notify the other side and the documents shall be retroactively marked Confidential.

8. **No Waiver.** No provision of this Agreement may be waived or amended except with the written consent of the parties. It is understood and agreed that no failure or delay by a party in exercising any right, power or privilege hereunder shall operate as a waiver. Nothing in this agreement is meant to prevent

any party from asserting any privilege, immunity, defense or objection to the production or disclosure of any information that is withheld in the course of discovery in this proceeding. Nothing in this Agreement shall be deemed to preclude or otherwise limit any party from using its own confidential information, or information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Agreement, in any manner it deems fit.

9. **Duration of Agreement.** Upon final disposition of this Lawsuit by judgment, settlement, or otherwise, including any appeals, this Agreement shall remain binding and in full effect unless and until otherwise agreed in writing by the parties or ordered by the Court.

10. **Disputing Confidentiality Designation.** In the event that any party to this lawsuit disagrees at any point in these proceedings with any designation made under this Agreement, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from the Court. The party asserting confidentiality will have the burden of demonstrating the propriety of the designation to the Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be

continue to be treated as "Confidential" subject to the provisions of this Agreement.

11. **Governing Law and Venue.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of California. Each party, and any expert or consultant, also hereby irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the United States District Court for the Northern District of Georgia, for any actions, suits or proceedings arising out of, or relating to, this Agreement.

12. This Agreement has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither this Agreement, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

**SO ORDERED** this 1st day of June, 2017.

_____
Mark H. Cohen
United States District Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated this 31st day of May, 2017.

By: /s Sergei Lemberg
Sergei Lemberg
*By Julie A. Wood (with express permission)*
LEMBERG LAW LLC
The Atrium
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

Attorneys for Plaintiff
Lawrence Jordon

*[additional signature on following page]*

9

By: /s Julie A. Wood
    PARKER, HUDSON, RAINER & DOBBS LLP
Nancy H. Baughan
Georgia Bar No. 042575
Erin M. Moore
Georgia Bar No. 590819
Julie A. Wood
Georgia Bar No. 023749
303 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30308
Telephone: 404-523-5300
Facsimile: 404-522-8409
E-mail: nbaughan@phrd.com
E-mail: emoore@phrd.com
E-mail: jwood@phrd.com

SEVERSON & WERSON
Genevieve R. Walser-Jolly
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118
grw@severson.com

Attorneys for Defendant
Wells Fargo Bank, N.A.

10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAWRENCE JORDON,

    Plaintiff,

vs.                                                                 Civil Action No. 1:16-cv-02152-MHC

WELLS FARGO BANK, N.A.,

    Defendant.

## STIPULATED CONFIDENTIALITY AGREEMENT – EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT

The undersigned person acknowledges that he/she has read and understands the Stipulated Confidentiality Agreement to which this Acknowledgement and Agreement is appended and the terms of which are fully incorporated into this Acknowledgement and Agreement.

The undersigned person agrees to be fully bound by the terms of that Stipulated Confidentiality Agreement and not to disclose confidential information disclosed to the undersigned person, to not share the confidential information with

anyone not qualified under the Stipulated Confidentiality Agreement, and to use the information only for the purpose of the above-captioned litigation.

The undersigned person agrees to return to counsel for the Party by whom the undersigned person is employed or retained, or to counsel from whom the undersigned person received any documents marked as CONFIDENTIAL materials.

The undersigned person further agrees to submit fully to the jurisdiction of the Court for purposes of enforcement of this Acknowledgement and Agreement.

The undersigned person also understands that violation of the terms of the Stipulated Confidentiality Agreement may render the undersigned person liable for any and all sanctions and other remedies the Court may deem appropriate.

_____
(Signature)


_____
(Printed Name)


_____
(Dated)